NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SURE–TAN, INC., and Surak Leather Co., Respondent.

No. 80–2448.

United States Court of Appeals, Seventh Circuit.

May 5, 1982.

Catherine Garcia, N. L. R. B., Washington, D. C., for petitioner.

John A. McDonald, Keck, Mahin & Cate, Chicago, Ill., for respondent.

Before CUDAHY, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and BROWN,* Senior District Judge.

## ORDER

On consideration of the petition for rehearing and suggestion for rehearing *en banc* of 672 F.2d 592 (7th Cir. 1982), filed in the above-entitled cause by respondent, Sure-Tan, Inc. and Surak Leather Co., a vote of the active members of the Court was requested, and a majority of the active members of the Court did not vote to grant a rehearing *en banc.*** All of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,

IT IS ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.

* The Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, is sitting by designation.

** Circuit Judges Pell, Wood and Coffey voted to grant a rehearing *en banc.*

WOOD, Circuit Judge, with whom PELL and COFFEY, Circuit Judges, join.

In *Sure-Tan* I,[1] the majority held that illegal aliens, who had no right to be in this country and no right to hold a job, could nevertheless, by their vote in favor of the union as their bargaining agent, bind this business and its subsequent new employees. After voting, all those illegal alien employees, with considerable justified encouragement from the Immigration and Naturalization Service, returned home quickly, but left the business and its new employees to live with the union decision. *Sure-Tan* I was followed by the Ninth Circuit in *NLRB v. Apollo Tire Co., Inc.*, 604 F.2d 1180, 1183 (9th Cir. 1979), but I stand by my dissent in *Sure-Tan* I that the sensible solution, under these "unusual circumstances," would have been simply to hold a new election. As suggested in that dissent, what is needed is for Congress to act[2] to relieve some of the tension between labor and immigration policies.[3]

That original mistake in *Sure-Tan* I has now inevitably spawned related problems which had to be addressed in *Sure-Tan* II. I do not and need not defend the motives of Sure-Tan management, but even *Apollo Tire Co.*, 604 F.2d at 1183, says an employer should report suspected illegal alien employees to the Immigration and Naturalization Service. The NLRB seems to use only its private knothole to view these issues and sees nothing except its own labor goals. I think this court instead of peering through the NLRB's knothole should look over the fence for a better understanding of the whole problem. If we did, I do not believe that the employers' notification to the Immigration and Naturalization Service would be construed as a "constructive discharge" so as to reward the illegal aliens for their illegal labor activities with possible reinstatement and back pay. Reinstatement would no doubt displace American workers at a time when unemployment is already high. Much of the rationale for this seems to be to punish the employer. Punishment of employers of illegal aliens, however, is for Congress, not for us.[4]

Rather than approve the majority's concocted remedy, I would, even if it took some stretching of the doctrine, simply consider this case moot when the illegal aliens "voluntarily" returned to their country. The company's new American workers should be able to decide for themselves what they believe to be in their own best interests. As it is, this court has given proxies to illegal aliens to cast votes for American workers and now has given the illegal aliens some encouragement to come back, displace our own workers and be awarded a backpay bonus for doing it. At least the view of the majority may serve to inspire Congress to rescue us from this state of things which is of our own judicial doing.

Therefore, I respectfully dissent from this court's unwillingness to consider this matter *en banc* and to keep us within realistic and sensible judicial bounds.

1. *NLRB v. Sure-Tan, Inc.*, 583 F.2d 355 (7th Cir. 1978).

2. Duplicate bills were introduced on March 17, 1982 (S. 2222 and H.R. 5872), known as the Immigration Reform and Control Act of 1982, which appears to address at least some of these problems.

3. *See* Comment, *Labor Law—Illegal Aliens are Employees Under 29 U.S.C. § 152(3) (1976) and May Vote in Union Certification Elections. NLRB v. Sure-Tan, Inc., 583 F.2d 355 (7th Cir. 1978)*, 10 Rut.-Cam.L.J. 747 (1979).

4. For a current general discussion of the extent of the problem and pending legislation, see Comment, *Illegal Immigration: Employer Sanctions and Related Proposals*, 19 San Diego L.Rev. 149 (1981).